UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:06-cr-499-T-23MSS
  8:08-cv-223-T-23MSS

DILIO ANTONIO ESCARRIA-MONTANO
_____/

**O R D E R**

Escarria-Montano was convicted of possession with the intent to distribute cocaine while aboard a vessel, for which offense he is serving 168 months. Escarria-Montano challenges his conviction and sentence in a motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).  The motion to vacate sentence is premature.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

The docket for the criminal case shows both that on June 7, 2007, Escarria-Montano appealed (Doc. 116) and that the appeal is still pending. Consequently, the motion to vacate sentence is premature.[2]  United States v. Dunham, 240 F.3d 1328, 1329 - 30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying Dunham's § 2255 motion is vacated without prejudice to Dunham's right to file a § 2255 motion after the disposition of her direct appeal.").

Accordingly, the motion to vacate sentence (Doc. 1) is **DISMISSED** without prejudice as premature.  The clerk shall close this action.

ORDERED in Tampa, Florida, on February 6, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Escarria-Montano represents in his motion that the appeal concluded on December 27, 2007. However, because the circuit court has not issued its mandate, the motion to vacate sentence is premature.